Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5601 | **DATE** | 8/29/2011 |
| **CASE TITLE** | Martin & Karcazes, Ltd. Vs. Margaret LaVern Brunner(White) | | |

**DOCKET ENTRY TEXT**

This action was originally filed by Plaza Bank against a number of Defendants in the Cook County Circuit Court, 2010-CH-13001. Although the case is captioned in this Court's system with Martin & Karcazes, Ltd. as Plaintiff, the State Court docket[1] shows that Plaza Bank is the Plaintiff and Martin & Karcazes are the attorneys for Plaza. (The Clerk is directed to correct the caption.) Margaret Brunner, the removing party, is not listed as a defendant on the state court docket. Brunner's notice of removal describes multiple pieces of real property and references a "qualified written request." R. 1 at 1. The notice of removal does not allege that this Court has jurisdiction over the matter. *Id.* The notice is signed by Brunner only and is dated August 16, 2011. After reviewing the notice of removal, the Court raises the following jurisdictional issues.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

"The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Centers*, 577 F.3d 752, 758 (7th Cir. 2009). Brunner has failed to meet her burden of establishing how this Court has jurisdiction; there are no allegations in the notice of removal that this Court has jurisdiction. Moreover, although it is not the Court's burden to go searching for subject matter jurisdiction when it has not been alleged, the Court could not do that here because Brunner has not attached a copy of the state court complaint, as required by 28 U.S.C. § 1446(a). (A notice of removal shall include "a copy of all process, pleadings, and orders served upon such defendant."). Brunner should file a copy of the state court complaint on or before September 7, 2011.

Even without the state court complaint, there are a number of jurisdictional issues that are immediately apparent from what has been filed and is publicly available. First, Brunner has not properly followed the procedure for removal because removal requires the consent of every Defendant. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368 (7th Cir. 1993). The notice of removal is signed only by Brunner, who may not even be a defendant in the action. R. 1 at 1. Setting aside

for the moment whether Brunner is even a party to this litigation, there is no signature or other sign of consent on the notice of removal from the other Defendants listed on the state court docket. Moreover, there is no explanation for the other Defendants' lack of consent, which is required if there is no consent from another Defendant. *Shaw*, 994 F.2d at 368 ("A petition is considered defective if it fails to explain why the other defendants have not consented to removal.").

Second, the notice of removal may not be timely under 28 U.S.C. § 1446(b). Section 1446(b) provides that a case that is not initially removable may be removed within 30 days after receipt by the defendant of the pleading, order, or other paper that makes the case removable. If the basis for removal is 28 U.S.C. § 1332, the case cannot be removed more than one year after the commencement of the action. Because the notice of removal does not establish this Court's jurisdiction, the Court is left guessing as to what Brunner believes justifies the Court's exercise of power, but 28 U.S.C. § 1332, diversity jurisdiction, seems the most likely justification.[2] While it appears that jurisdiction will likely be based on 28 U.S.C. § 1332, the state court action was commenced in March 2010. Thus, more than one year has elapsed since the commencement of the action, and even if the case does fall within this Court's diversity jurisdiction, it is not removable because more than a year has passed since commencement. Brunner should address this concern in her amended notice of removal.

Third, moving beyond the procedure for removal and on to the Court's jurisdiction, Brunner has not made the necessary allegations of jurisdiction in her notice of removal, as is her burden. Assuming that Brunner is relying on 28 U.S.C. § 1332, she needs to allege the *citizenship* of all of the parties and the requisite amount in controversy. When doing so, she should recall that it is a party's citizenship, not its residence that matters for purposes of diversity jurisdiction. Moreover, "for diversity purposes a corporation is a citizen both of the state in which it is incorporated and of the state in which it has its principal place of business." *Buethe v. Britt Airlines*, 787 F.2d 1194, 1195 (7th Cir. 1986). Additionally, "in the case of a firm that is not a corporation, its citizenship is the citizenship of its owners, partners, or other principals." *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (*per curiam*). Lastly on the subject of citizenship, for a case to be within the diversity jurisdiction of the federal courts, diversity of citizenship must be "complete," meaning that no plaintiff may be a citizen of the same state as any defendant. Finally, Brunner must allege that there is an adequate amount in controversy—in excess of $75,000. 28 U.S.C. § 1332. If Brunner seeks to justify removal based on diversity jurisdiction, she must amend her notice of removal to include all of these necessary allegations.

Lastly, to address one potential response, Brunner's counterclaim, R. 1 at 3-5, does not cure the jurisdictional issues. Brunner asserts a counterclaim under 42 U.S.C. § 1983 alleging that Plaza and Martin & Karcazes violated her Due Process rights by not having an EIN or articles of incorporation on file with the secretary of state. R. 1 at 4-5. Removal is only proper for those cases in which the well-pleaded complaint asserts claims arising under federal law; a federal counterclaim does not give the Court jurisdiction. *Holmes Group v. Vornado Air Ciculation Systems*, 535 U.S. 826, 831-832 (2002) (permitting a federal counterclaim to justify federal court jurisdiction "would radically expand the class of removable cases.").

Accordingly, on or before September 7, 2011, Brunner must amend her notice of removal

| STATEMENT |
|---|
| to allege this Court's jurisdiction, if there is indeed jurisdiction. Additionally, Brunner must comply with the requirements of 28 U.S.C. 1446(a) and include a copy of the state court complaint and any other pleadings or orders served on her. Failure to correct these deficiencies by September 7, 2011 will result in the remand of the case back to the Circuit Court of Cook County. |

[0] The State Court docket is available online at: https://w3.courtlink.lexisnexis.com/cookcounty/FindDock.asp?NCase=2010-CH-13001&SearchType=0&Database=3&case_no=&PLtype=1&sname=&CDate= (Last Visited Aug. 19, 2011).

2. The case appears to be a foreclosure proceeding for the properties listed on the notice of removal. Neither the state court docket nor the attachments to the notice of removal suggest that this case initially included a federal claim that would give this Court jurisdiction under 28 U.S.C. § 1331. If the state court claim is based on federal law, Brunner should state that in her amended notice of removal.